UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONARC CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00493 (HHK) |
| ) | |
| U.S. SEWER & DRAIN, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ———————————————) | |
| U.S. SEWER & DRAIN, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PERMA-LINER INDUSTRIES, INC., et al.,) | |
| ) | |
| Third-Party Defendants. ) | |
| ———————————————) | |

**THIRD-PARTY DEFENDANT PLUMMER'S ENVIRONMENTAL SERVICES,
INC.'S MEMORANDUM IN OPPOSITION TO MONARC CONSTRUCTION,
INC., U.S. SEWER & DRAIN, AND JEREMY R. BOWMAN'S
<u>MOTION FOR REFERRAL TO MEDIATION</u>**

COMES NOW, Third-Party Defendant Plummer's Environmental Services, Inc., ("Plummer"), by counsel, submits this Memorandum in Opposition to Monarc Construction, Inc., U.S. Sewer & Drain, and Jeremy R. Bowman's t/o U.S. Sewer & Drain, Inc., (collectively "Monarc and U.S. Sewer"), Motion for Referral to Mediation. ("Motion")  Plummer's opposition is based on the following grounds:  1) Plummer did not consent to refer this matter to mediation; 2) It is too premature to mediate because

discovery had not been done; and 3) Plummer anticipates filing a motion for summary judgment.

## I.     BACKGROUND

On February 10, 2006, Monarc Construction, Inc. ("Monarc") filed this action against U.S. Sewer and Drain, Inc., and Jeremy R. Bowman t/a U.S. Sewer & Drain, Inc., for breach of contract due to their alleged failure to properly install a liner in an existing storm water and sewer pipe on a construction project known as Lofts 14, Parcel A, located in Washington, D.C. (the "Project"). On April 6, 2006, U.S. Sewer and Drain, Inc., filed a Third-Party Complaint for contribution and indemnification against Perma-Liner Industries, Inc., and Plummers Environmental Services, Inc.

On July 24, 2006, Plummers filed an Answer to the Third-Party Complaint denying liability for Monarc's claim against U.S. Sewer and Drain. Specifically, Plummer denied undertaking any activity regarding the liner except to supply a truck. Plummer demanded the third-party complaint filed against it be dismissed.

## II.    ARGUMENT

### A.     Monarc and U.S. Sewer's Motion for Referral to Mediation Should be Denied Because Plummer Did Not Agree To Mediation

Cases are referred to United States District Court Mediation Program either by voluntary participation or in accordance with Local Civil Rule 16.3(a). (see Local Civil Rule 84.4(a)). In voluntary participation, the parties may request mediation or the presiding judge may suggest it during a status conference. (see Local Civil Rules, Appendix A at 127) Under Local Civil Rule 16.3(a), counsel are required to meet to discuss whether mediation might be appropriate. Within 10 days following this meeting,

the parties must submit a joint report to the court describing their views on whether mediation would be applicable to their case and whether the parties agree to mediation. Thereafter, the Court may issue an order to show cause to explain why mediation would not be appropriate. (see Local Civil Rule 84.4(a))

### 1.   Plummer Did Not Volunteer to Participate in Mediation

Monarc and U.S. Sewer are unilaterally seeking to have this Honorable Court refer this matter to the Mediation Program at the earliest available date. Their request is not proper because all parties must consent to voluntary participation in the mediation program. (Local Civil Rules, Appendix A at 127). According to local rules:

> "Participation in the District Court's Mediation Program is voluntary. Parties may request mediation or the presiding judge may suggest it at a status conference. <u>If all parties consent</u>, the judge issues an order referring the case to the Office of Circuit Executive, where the program is administered."

Id. at 172.

Plummer never agreed to have this case referred to mediation. In fact, Monarc and U.S. Sewer acknowledge that Plummer did not consent to have this matter referred for mediation.[1] Despite their acknowledgment, Monarc and U.S. Sewer are seeking to abrogate Plummers' right to refuse mediation at this time by circumventing the consent requirement for voluntary participation, as mandated by the local rules, in an attempt to have this matter referred to mediation. Monarc and U.S. Sewer justify their request based on a failed attempt to bring to fruition a meeting amongst some or all of the parties in order to pursue potential resolution of the instant action. (Motion at 1) Their inability to bring to fruition a meeting of "some or all" of the parties is not an adequate ground for

---

[1] In their Motion for Referral to Mediation, Monarc and U.S. Sewer state: "Monarc and U.S. Sewer have sought the consent to this Motion of Third-Party Defendants . . . Plummer's Environmental Services, Inc. However, the Third-Party Defendants do not presently consent to the Motion." ( Motion at 2 para. 5)

3

referring this matter to mediation without the parties' consent. Accordingly, Monarc and U.S. Sewer's Motion for Referral to Mediation is not proper and should be denied.

### 2. The Parties Did Not Agree to Mediation in their Joint Report to the Court

Pursuant to Local Civil Rule 16.3, the parties conferred and submitted a joint report ('Joint Report") to the court outlining the discovery plan and providing a statement on all agreements reached with respect to the fourteen matters outlined in Local Civil Rule 16.3(c). (see Joint Report) In that report, the parties informed the court: "At the present, the parties intend to pursue settlement via private negotiation." (see Joint Report at 4 para.5) The parties also stated that they may choose to take advantage of the Court's ADR procedures as the matter proceeded. Id. Thus, according to the joint report, in order for this matter to proceed to mediation, there must be an agreement among the parties to do so. Once again, Monarc and U.S. Sewer are attempted to side-step another consent requirement in an attempt to have this matter referred to mediation. As such, their Motion for Referral is not proper and should be denied

### B. Mediation is Premature Because Discovery is Not Complete and Certain Facts of the Case are Not Known

The purpose of mediation is to facilitate settlement negotiations between the parties by improving communication across party lines. The mediator functions to help the parties articulate their interests and understand those of their opponents, identify key legal and factual issues, and help generate options for a mutually agreeable resolution to the dispute. (see Local Civil Rules, Appendix A at 117). Therefore, it is crucial to the mediation process that the mediator and the parties have a good understanding of facts and issues in the case.

4

Referring this case to mediation at the earliest available date and before discovery concludes on February 2, 2007, would not result in a meaningful mediation process because the parties have not had the opportunity to gather all facts and evidence necessary to present their legal position.

### C.      Plummer Anticipates on filing a Motion for Summary Judgment

Plummer denies any liability for Monarc's claim against U.S. Water and Sewer, and has previously stated the Third-Party Complaint asserts no cause of action against Plummer. (see Answer of Third-Party Defendant Plummer's Environmental Services, Inc.) Accordingly, Plummer anticipates filing a motion for summary judgment and should not be required to participate in the mediation process before the Court has ruled on its motion for summary judgment.

### III.    CONCLUSION

WHEREFORE, Third-Party Defendant, Plummer's Environmental Services, Inc., respectfully requests this court to deny Monarc and U.S. Sewer's Motion for Referral to Mediation.

                Respectfully submitted,

*William H. Robinson* (signature)
William H. Robinson, Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C. 20015-2030
(202) 244-4668

*Counsel for Third-Party Defendant*
*Plummer's Environmental Services, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of September, I electronically filed the foregoing *Third-Party Defendant Plummer's Environmental Services, Inc.'s Memorandum in Opposition to Monarc Construction, Inc., U.S. Sewer & Drain, and Jeremy R. Bowman's t/o U.S. Sewer & Drain, Inc. Motion for Referral to Mediation* with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

Gerald I. Katz, Esquire
Stephen W. Smith, Esquire
Katz & Stone, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
703 761-6169 – Facsimile
*Counsel for Plaintiff Monarc Construction, Inc.*

Danielle D. Giroux, Esquire
Carr Maloney PC
1615 L Street, N.W., Suite 500
Washington, DC 20036
202 310-5555 – Facsimile
*Counsel for Third-Party Defendant Perma-Liner Industries, Inc.*

Daniel J. Kraftson, Esquire
Brad C. Friend, Esquire
Kraftson Caudle LLC
1650 Tysons Boulevard, Suite 650
McLean, Virginia 22102
703-873-5519 – Facsimile
*Counsel for U.S. Sewer & Drain, Inc. And Jeremy R. Bowman*
  *t/o U.S. Sewer & Drain, Inc.*

_____
William H. Robinson