UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MONARC CONSTRUCTION, INC., | ) | |
| Plaintiff | ) | |
| v. | ) | Case No. 1:06-cv-00493 (HHK) |
| U.S. SEWER & DRAIN, INC., et al., | ) | |
| Defendants. | ) | |
| U.S. SEWER & DRAIN, INC., | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| PERMA-LINER INDUSTRIES, INC., et al., | ) | |
| Third-Party Defendants. | ) | |

**THIRD-PARTY DEFENDANT PLUMMER'S ENVIRONMENTAL
SERVICES, INC.'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

COMES NOW, Third-Party Defendant Plummer's Environmental Services, Inc., by counsel, pursuant to Federal Rules of Civil Procedure, Rule 56, states the following in support of its Motion for Summary Judgment.

**I.    INTRODUCTION**

On February 10, 2006, Monarc Construction, Inc. ("Monarc") filed this action against U.S. Sewer & Drain, Inc., (U.S. Sewer) and Jeremy R. Bowman t/a U.S. Sewer & Drain, Inc., (Bowman) for breach of contract due to their alleged failure to properly install a liner in an existing storm water and sewer pipe on a construction project known as Lofts 14, Parcel

A, located in Washington, D.C. (the "Project"). On April 6, 2006, U.S. Sewer filed a Third-Party Complaint for contribution and indemnification against Perma-Liner Industries, Inc., ("Perma-Liner") and Plummer's Environmental Services, Inc., ("Plummers").

Third-Party Defendant, Plummers' Motion for Summary Judgment should be granted because U.S. Sewer fails to establish any genuine issue of material fact, and Plummers is entitled to summary judgment as a matter of law.

## II.    STATEMENT OF FACTS

In April 2003, Jerry D'Hulster of Perma-Liner contacted Todd Plummer, President of Plummers, and requested to use Plummer's boiler truck for heating and pumping hot water into a sewer line on a job in Washington, DC. (Exhibit 1, Affidavit of Todd Plummer). Mr. Plummer agreed to provide the truck and subsequently drove it from Grand Rapids, Michigan to the job site in Washington, DC.

At the Project site, U.S. Sewer instructed Plummers when to turn on the water and when to turn it off. (Exhibit 1, Affidavit of Todd Plummer). Plummers did not perform any additional services beyond providing the truck and turning on and off the water. (Exhibit 1, Affidavit of Todd Plummer).

## III.    ARGUMENT

### A.    Under Rule 56, Summery Judgment Should Be Granted Where There is No Genuine Issue of Material Fact

Summary judgment under Rule 56 is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986). A fact is material when proof of its

existence or nonexistence would affect the outcome of the case, and an issue is genuine if a reasonable jury might return a verdict in favor of the nonmoving party on the basis of such issue. *Anderson* 477 U.S. at 211, 212. Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment shall be entered against him. *Celotex Corp.,* 477 U.S. at 322. "[T]he plain language of rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

      **B.**     **U.S. Sewer's Third-Party Complaint is Factually Unsupported and States No Viable Cause of Action Against Plummers**

U.S. Sewer's third-party complaint alleges that Plummers is liable for Monarc's entire claim against U.S Sewer. (Third-Party Complaint, Count II at 12). The third-party complaint does not state the grounds for this alleged liability, nor does it set forth any facts in support thereof. It merely states, "Plummers is liable for all of Monarc's claim against U.S. Sewer & Drain, Inc., based upon statutory, contractual or common law contribution and/or indemnity." Id.

Significantly, the third-party complaint does not allege any wrong doing by Plummers and is vague and ambiguous setting forth conclusory accusations with no specific facts to support the allegations. "One of the primary purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims. . ." *Celotex Corp,* 477 U.S. at 323. Since filing its third-party complaint against Plummers, U.S. Sewer has not provided any evidence that would allow a reasonable jury to return a verdict in its favor. "[T]here is no issue for

trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 250. Summary judgment is a principle tool for isolating factually insufficient claims and preventing them from going to trial with the unwarranted consumption of public and private resources. *Celotex Corp,* 477 U.S. at 327. Summary judgment is proper in this action because U.S. Sewer's allegations are factually unsupported and there is no viable cause of action against Plummer.

### C. Plummers Did Not Install the Liner in the Sewer Pipe

Monarc's complaint against U.S. Sewer alleges that U.S. Sewer agreed to perform certain work to install a liner in an existing storm water and sewer pipe and that the liner, as installed by U.S. Sewer, was unacceptable and had permanently damaged the pipe. (Complaint, Count I at 13, 14). U.S. Sewer now seeks to hold Plummers liable for Monarc's entire claim. (Third-Party Complaint, Count II at 12). Plummers however, did not install the liner in the sewer pipe nor provide directions for installation or curing of the liner. The only services performed by Plummers were providing the truck to heat the water and assistance with turning the water on and off as instructed by U.S. Sewer. (Exhibit 1, Affidavit of Todd Plummer). Plummers is not liable for any part of Monarc's claim against U.S. Sewer, and U.S. Sewer's third-party complaint is factually unsupported and states no viable cause of action against Plummers.

## IV.   CONCLUSION

WHEREFORE, for the foregoing reasons, U.S. Sewer's third-party claim against Plummers fails as a matter of law.  Accordingly, Plummers respectfully requests that this Court grant its Motion for Summary Judgment, dismissing with prejudice the claim filed against it by U.S. Sewer.

Respectfully submitted,

/s/ William H. Robinson, Jr.
_____
William H. Robinson, Jr.,  Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C.  20015-2030
(202) 244-4668

*Counsel for Third-Party Defendant Plummer's Environmental Services, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of September, 2006 I electronically filed the foregoing *Third-Party Defendant Plummer's Environmental Services, Inc.'s Memorandum in Support of Its Motion for Summary Judgment* with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

Gerald I. Katz, Esquire
Stephen W. Smith, Esquire
Katz & Stone, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
703 761-6169 – Facsimile
*Counsel for Plaintiff Monarc Construction, Inc.*

Danielle D. Giroux, Esquire
Carr Maloney PC
1615 L Street, N.W., Suite 500
Washington, DC 20036
202 310-5555 – Facsimile
*Counsel for Third-Party Defendant Perma-Liner Industries, Inc.*

Daniel J. Kraftson, Esquire
Brad C. Friend, Esquire
Kraftson Caudle LLC
1650 Tysons Boulevard, Suite 650
McLean, Virginia 22102
703-873-5519 – Facsimile
*Counsel for U.S. Sewer & Drain, Inc. And Jeremy R. Bowman*
   *t/o U.S. Sewer & Drain, Inc.*

                                  /s/ William H. Robinson, Jr.
                                  _____
                                  William H. Robinson, Jr.