## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONARC CONSTRUCTION, INC.<br>2781 Hartland Road<br>Falls Church, Virginia 22043, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:06-cv-00493-HHK |
| U.S. SEWER & DRAIN, INC.,<br>1100 Wood Lane<br>Langhorne, Pennsylvania 19047 | ) ) ) ) | |
| AND | ) ) | |
| JEREMY BOWMAN<br>t/a U.S. Sewer & Drain<br>46 Edgemont Lane<br>Langhorne, Pennsylvania 19047 | ) ) ) ) ) | |
| Defendants. | ) ) | |
| U.S. SEWER & DRAIN, INC.<br>1100 Wood Lane<br>Langhorne, Pennsylvania 19047 | ) ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| PERMA-LINER INDUSTRIES, INC.,<br>6196 126th Avenue North<br>Largo, Florida 33773 | ) ) ) ) | |
| AND | ) | |

**EXHIBIT "A"**

|  |  |
|---|---|
| PLUMMER'S ENVIRONMENTAL SERVICES, INC.<br>10075 Sedroc Industrial Drive<br>Byron Center, Michigan 49315<br><br>          Third-Party Defendants.<br>_____<br><br>U.S. SEWER & DRAIN, INC.<br>1100 Wood Lane<br>Langhorne, Pennsylvania 19047<br><br>AND<br><br>JEREMY BOWMAN<br>46 Edgemont Lane<br>Langhorne, Pennsylvania 19047<br><br>          Third-Party Plaintiffs,<br><br>v.<br><br>PEERLESS INSURANCE COMPANY<br>62 Maple Avenue<br>Keene, New Hampshire 03431<br><br>          Third-Party Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THIRD-PARTY COMPLAINT AGAINST PEERLESS INSURANCE COMPANY**

COME NOW Defendants/Third-Party Plaintiffs, U.S. Sewer & Drain, Inc. and Jeremy Bowman, pursuant to Rule 14 of the Federal Rules of Civil Procedure, and by way of Third-Party Complaint against the Third-Party Defendant Peerless Insurance Company, and state as follows:

1.    U.S. Sewer & Drain, Inc. is a Pennsylvania corporation with its principal place of business in that Commonwealth.

2.  Jeremy Bowman is currently domiciled in the Commonwealth of Pennsylvania.

3.  Upon information and belief, Third-Party Defendant Peerless Insurance Company is a New Hampshire corporation with its principal place of business in that state.

4.  This Court has subject matter jurisdiction over this matter as there is complete diversity among the parties and the amount in controversy, excluding interest and costs, exceeds the jurisdictional amount set forth in 28 U.S.C. § 1332.  The Defendants/Third-Party Plaintiffs' claims against the Third-Party Defendants arise out of the same transaction or occurrence that is the subject matter of the Plaintiff Monarc Construction Inc.'s claims against the Defendants/Third-Party Plaintiffs.

5.  Venue is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(a).

6.  On or about February 24, 2003, Peerless Insurance Company ("Peerless"), in consideration for the premiums duly paid in full by U.S. Sewer & Drain, Inc., issued a comprehensive general liability insurance policy for U.S. Sewer & Drain, Inc., bearing policy number CCP 9697618 ("CGL Policy"), with an effective period of February 24, 2003 to February 24, 2005.  A copy of the CGL Policy is attached hereto as Exhibit 1.

7.  Under the terms of the CGL Policy, Peerless agreed to protect U.S. Sewer & Drain, Inc. and Jeremy Bowman, as its executive officer (collectively "U.S. Sewer"), for personal injury and property damage caused by an occurrence for which U.S. Sewer is legally liable, and to defend any suit against U.S. Sewer, even if such suit be groundless, false, or fraudulent.

00011125/ 1084-002

8.  In March of 2003, Monarc Construction, Inc. ("Monarc") and U.S. Sewer & Drain, Inc. entered into a contract whereby Monarc paid U.S. Sewer & Drain, Inc. to perform certain work to install a liner in an existing stormwater and sewer pipe ("Pipe") on a construction project known as Lofts 14, Parcel A, located in Washington, D.C. (the "Work").

9.  On or about April 1, 2003, an occurrence took place in relation to the Work when it was discovered that the liner may not have properly conformed to the inside of the Pipe ("Incident").

10. As a result of the Incident, Monarc alleges that the Pipe was damaged and needs to be replaced to correct the alleged damage.

11. On or about February 10, 2006, Monarc filed a Complaint against U.S. Sewer for the alleged damages to the Pipe in the Superior Court of the District of Columbia. U.S. Sewer removed the Superior Court case to the U.S. District Court for the District of Columbia ("Lawsuit").

12. U.S. Sewer & Drain, Inc. has filed a Third-Party Complaint against the Third-Party Defendants, Perma-Liner Industries, Inc. and Plummer's Environmental Services, Inc., alleging therein that U.S. Sewer & Drain, Inc. is entitled to contribution and indemnity from said Third-Party Defendants if it is determined that U.S. Sewer & Drain, Inc. is liable to Monarc in this case.

00011125/ 1084-002

## COUNT I - BREACH OF CONTRACT
### (BREACH OF DUTY TO DEFEND)

13. U.S. Sewer & Drain, Inc. incorporates by reference Paragraphs 1 through 12 of this Third-Party Complaint as if fully stated herein.

14. In the present Lawsuit, Monarc is seeking to hold U.S. Sewer liable for the alleged damages to the Pipe arising from the Incident. Peerless' duty to defend U.S. Sewer in the present Lawsuit arose not later than when Peerless received notice of Monarc's Complaint on March 28, 2006. Peerless has a duty to defend U.S. Sewer in the Lawsuit because Monarc's Complaint alleges facts, which if proven true, fall within the terms of coverage of the CGL Policy. The factual allegations contained in Monarc's Complaint that create Peerless' duty to defend U.S. Sewer in the Lawsuit include, at a minimum, the following:

   (a) "In March, 2003, Monarc entered into an agreement (Agreement) with Defendant U.S. Sewer & Drain, Inc. and/or Defendant Jeremy R. Bowman t/a U.S. Sewer & Drain (hereinafter referred to as "Defendants") pursuant to which Defendants agreed to perform certain work to install a liner in an existing stormwater and sewer pipe ("pipe"), including flushing, cleaning and video-inspecting the pipe prior to installing the liner, and reinstalling lateral connections to and video-inspecting the pipe after installing the liner . . ."

   (b) "In April, 2003, Defendants performed and purported to complete the Work."

   (c) "Defendants were subsequently paid in full for the Work by Monarc."

   (d) "Following Defendants' purported completion of the Work and receipt of full payment therefore from Monarc, Monarc was notified by the District of Columbia Water and Sewer Authority ("DC WASA") that the liner, as installed by Defendants, was unacceptable and had permanently damaged the pipe . . ."

5

  (e) "Accordingly, Monarc requested that Defendants replace the damaged pipe."

15. After timely demands by U.S. Sewer, Peerless has failed and refused, and continues to fail and refuse, to defend U.S. Sewer and pay U.S. Sewer's attorneys' fees in the Lawsuit in violation of the terms of the CGL Policy.

16. As a result of Peerless' failure and refusal to defend U.S. Sewer in the Lawsuit, which is contrary to the terms of the CGL Policy, U.S. Sewer has had to incur, and continues to incur, attorney's fees for its defense in the Lawsuit.

17. U.S. Sewer has satisfied all conditions precedent to recovery of losses under the CGL Policy, including, but not limited to, timely notification to Peerless of the Incident and the Lawsuit.

WHEREFORE, Defendants/Third-Party Plaintiffs U.S. Sewer & Drain, Inc. and Jeremy Bowman request that this Court enter judgment in its favor and against Peerless Insurance Company for U.S. Sewer & Drain, Inc. and Jeremy Bowman's attorneys' fees incurred in this case, an amount to be determined at trial, and award such further and additional relief as this Court deems proper and just.

### COUNT II – BREACH OF CONTRACT
### (INDEMNIFICATION)

18. U.S. Sewer incorporates by reference Paragraphs 1 through 17 of this Third-Party Complaint as if fully stated herein.

19. U.S. Sewer denies that it has any liability to Monarc, but in the event it is determined that U.S. Sewer is liable to Monarc, U.S. Sewer avers and alleges that pursuant to the CGL Policy it is entitled to indemnification from Peerless for any and all

00011125/ 1084-002

damages that U.S. Sewer is determined to be liable to Monarc and other costs U.S. Sewer incurred to mitigate such damages.

20. U.S. Sewer has satisfied all conditions precedent to recovery of losses under the CGL Policy, including, but not limited to, timely notification of the Incident and the Lawsuit.

21. By correspondence dated June 1, 2005 and April 5, 2006, copies of which are attached hereto as Exhibits 2 and 3, respectively, Peerless denied coverage under the CGL Policy for the reasons set forth therein.

22. Peerless has wrongfully denied coverage under the CGL Policy and has ignored and refused to acknowledge specific terms contained in the CGL Policy under which coverage exists.

23. Peerless' wrongful denial of coverage under the CGL Policy and its ignorance and refusal to acknowledge specific terms contained in the CGL Policy under which cover exists constitutes a material breach of the CGL Policy.

24. As a direct and proximate result of Peerless' breach of the CGL Policy, U.S. Sewer is entitled to full and complete reimbursement of, and indemnification for, any and all damages that U.S. Sewer is determined to be liable to Monarc and other costs U.S. Sewer incurred to mitigate such damages.

WHEREFORE, Defendants/Third-Party Plaintiffs U.S. Sewer & Drain, Inc. and Jeremy Bowman request that, in the event that U.S. Sewer & Drain, Inc. and/or Jeremy Bowman are held liable to Monarc Construction, Inc., this Court enter judgment in its favor and against Peerless Insurance Company in an amount to be determined at trial,

00011125/ 1084-002

which amount is currently alleged to be at least $311,138.00, and order such further and additional relief as this Court deems proper and just.

## JURY DEMAND

*DEFENDANTS / THIRD-PARTY PLAINTIFFS HEREBY REQUEST A JURY FOR ALL ISSUES SO TRIABLE.*

                                  U.S. SEWER & DRAIN, INC.
                                  and JEREMY BOWMAN

Dated: September ___, 2006        By: __/s/ Brad C. Friend_____
                                            Daniel J. Kraftson (DC Bar No. 948034)
                                            Brad C. Friend (DC Bar No. 490430)
                                            KRAFTSON CAUDLE LLC
                                            1600 Tysons Boulevard
                                            Suite 250
                                            McLean, Virginia  22102
                                            (703) 873-5500 (telephone)
                                            (703) 873-5519 (facsimile)

                                            *Counsel for the Defendants/Third-Party Plaintiffs U.S. Sewer & Drain, Inc. and Jeremy Bowman*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this ___ day of September, 2006, a true copy of the foregoing Third-Party Complaint Against Peerless Insurance Company was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Gerald I. Katz, Katz & Stone, L.L.P., 8230 Leesburg Pike, Suite 600, Vienna, Virginia 22182, Counsel for Plaintiff Monarc Construction, Inc.; Danielle D. Giroux, Harman Claytor Corrigan & Wellman, P.C., P.O. Box 70280, Richmond, Virginia 23255, Counsel for Third-Party Defendant Perma-Liner Industries, Inc.; William H. Robinson, Jr., Wright Robinson Osthimer & Tatum, 5335 Wisconsin Ave., N.W., Suite 920, Washington, D.C. 20015, Counsel for Third-Party Defendant Plummer's Environmental Services, Inc.

                                                               /s/ Brad C. Friend_____
                                                               Brad C. Friend