UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONARC CONSTRUCTION, INC. ) | |
| Plaintiff, ) | |
| v. ) | Case No. 1:06-cv-00493-HHK |
| U.S. SEWER & DRAIN, INC., *et al.* ) | |
| Defendants. ) | |
| U.S. SEWER & DRAIN, INC. ) | |
| Third-Party Plaintiff, ) | |
| v. ) | |
| PERMA-LINER INDUSTRIES, INC., *et al.* ) | |
| Third-Party Defendants. ) | |

**OPPOSITION TO PLUMMER'S MOTION FOR SUMMARY JUDGMENT AND**
**MEMORANDUM IN SUPPORT THEREOF**

Third-Party Plaintiff, U.S. Sewer & Drain, Inc. ("U.S. Sewer"), by counsel, pursuant to Local Rules 7 and 56.1 of the U.S. District Court for the District of Columbia, hereby files its Opposition to Plummer's Motion for Summary Judgment and Memorandum in Support Thereof, and states as follows:

**INTRODUCTION**

In its Motion for Summary Judgment, Plummer's Environmental Services, Inc. ("Plummer's") declares that U.S. Sewer's Third-Party Complaint does not state a claim and lacks factual support, and that Plummer's did not perform the work as alleged. As will be demonstrated below, U.S. Sewer has met its pleading requirements. U.S. Sewer has properly

00011267/ 1084-002

asserted a claim, and the existing genuine issues of material facts render the entry of Summary Judgment inappropriate.

The Motion for Summary Judgment emanates from a dispute involving a contract ("Contract") between Monarc Construction, Inc. ("Monarc") and U.S. Sewer. Pursuant to the Contract, U.S. Sewer performed certain work related to the installation of a liner in an existing stormwater and sewer pipe on a construction project generally known as Lots 14, Parcel A in Washington, D.C. Plummer's entered into a contract with U.S. Sewer pursuant to which Plummer's agreed to provide services integral to the installation of the pipe liner, including heating and curing of the pipe liner. The gravamen of U.S. Sewer's position is that, if U.S. Sewer is adjudicated liable to Monarc in connection with the Contract, then Plummer's is partially or completely responsible because Plummer's work in heating and curing the pipe liner is critical to the success of the liner installation.

### STATEMENT OF MATERIAL FACTS AS TO WHICH GENUINE ISSUES EXIST

Pursuant to Local Rule 56.1, U.S. Sewer submits the following list of all material facts as to which it contends that there exists a genuine issue necessary to be litigated, supported by the Affidavit of Jeremy R. Bowman attached hereto as Exhibit "A," which are in dispute:

- Contrary to the assertions set forth in paragraph 2 of Mr. Todd Plummer's ("Mr. Plummer") Affidavit, Plummer's played an integral role in the installation of the pipe liner at the Project ("Pipe Liner"). Mr. Plummer incorrectly and inaccurately asserts that Plummer's simply "furnished a truck to heat water for curing the resin in the installed liner at the Request of Perma Liner." This passive picture does not accurately represent what took place at the Project. Plummer's operated a sophisticated piece of

> machinery ("Boiler Unit") and used a process of circulating heated water through the Pipe Liner at a constant temperature for a prescribed rate of not less than three hours. This process is generally known as "cooking out" the Pipe Liner. While the Pipe Liner was "cooking out," Plummer's monitored various gauges and provided U.S. Sewer with contemporaneous readings from the gauges. (Bowman Aff. ¶ 9.)

- Contrary to the assertions listed in paragraph 4 of Mr. Plummer's Affidavit, Plummer's provided additional services beyond simply "providing the truck to heat the water and to assist in turning the water on and off as directed…" Plummer's and Plummer's alone operated the Boiler Unit, heated the water, maintained the heat of the water flowing through the Pipe Liner and was solely responsible for "cooking out" the Pipe Liner. Plummer's and Plummer's alone monitored the gauges to insure proper water temperature and flow. (Bowman Aff. ¶ 9.)

- "Cooking out" the Pipe Liner was essential to the success of the liner installation.

- Given Monarc's claims against U.S. Sewer, paramount among the facts which remain necessary to be litigated is to determine whether or not Plummer's performed its work properly and whether any such failure to properly heat/cure the Pipe Liner caused or contributed to the damages alleged by Monarc against U.S. Sewer and Jeremy R. Bowman in this case. Additional discovery, which will be taken in due course, may shed light on this question.

3

**ARGUMENT**

A.   **U.S. SEWER PROPERLY STATED A CLAIM, AND THE ENTRY OF SUMMARY JUDGMENT IS UNWARRANTED.**

Plummer's contends, in error, that U.S. Sewer's Third-Party Complaint does not "state the grounds for this alleged liability." (Motion for Summary Judgment, p. 3.) U.S. Sewer's claims are for indemnity and contribution. Rule 8 of the Federal Rules of Civil Procedure allows parties to file a third-party complaint and, with respect to such a pleading, requires a party to provide "a short and plain statement of the claim showing that the pleader is entitled to relief…." U.S. Sewer's Third-Party Complaint fully meets the requirements of the Federal Rules of Civil Procedure.

Plummer's Motion for Summary Judgment does not cite to any case or Rule which would lend credence to Plummer's position regarding the lack of vitality of U.S. Sewer's claims. Essentially, Plummer's seeks to impose a pleading burden on U.S. Sewer which does not exist. Under well-established pleading principles, a complaint must be read broadly to determine whether it provides fair notice. In Conley v. Gibson, 355 U.S. 41, 47 (1957), the United States Supreme Court stated, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is a short and plain statement of the claim that will give fair notice of what the claim is and the grounds upon which it rests."

The express language of U.S. Sewer's Third-Party Complaint confirms that Plummer's has fair notice of U.S. Sewer's claims against it. The allegations in Monarc's Complaint are incorporated by reference into the Third-Party Complaint. U.S. Sewer's Third-Party Complaint alleges that if Monarc's allegations are proven true, Plummer's is responsible for any damages because Plummer's was integrally involved in the installation of the Pipe Liner. Furthermore,

00011267/ 1084-002

both contribution and indemnity are available as forms of relief under the law of the District of Columbia. Grogan v. General Maintenance Service Co., 763 F2d 444, 450 n.14 (D.C. Cir. 1985). For all these reasons, U.S. Sewer has properly pled a claim, and the Motion for Summary Judgment should be denied.

      **B.**    **THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT MAKE THE ENTRY OF SUMMARY JUDGMENT UNWARRANTED.**

In its Motion for Summary Judgment, Plummer's correctly recites the substance of Rule 56(c) of the Federal Rules of Civil Procedure. The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex v, Catrett, 477 U.S. 317, 322 (1986). A disputed issue of material fact is genuine, and thus precludes summary judgment, where a Court determines that a reasonable jury could conceivably find in favor of the non-moving party on that factual issue. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). As a general rule, the Court must "assume the truth of all statements proffered by the party opposing summary judgment" and construe all evidence in favor of the non-moving party. Green v. Dalton, 164F.3d 671, 675 (D.C. Cir. 1999). Moreover, the Court must "draw all reasonable inferences in favor of the non-moving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 150 (2000).

U.S. Sewer's claims are not subject to summary judgment because a number of genuine issues of material fact will require adjudication. U.S. Sewer's claims against Plummer are contingent on the outcome of the claims between Monarc and U.S. Sewer. To the extent the U.S. Sewer is found liable, U.S. Sewer seeks indemnity and/or contribution from Plummer's.

Plummer's seeks to evade its potential liability by understating its role at the Project. Plummer's would have the Court believe that its role was passive and insubstantial. "The only services performed by Plummer's were providing the truck to heat the water and assistance with

turning the water on and off as instructed by U.S. Sewer." (Motion, p. 4.) As more particularly detailed in the Affidavit of Jeremy Bowman, U.S. Sewer disputes this characterization of Plummer's role. Plummer's provided and operated a sophisticated piece of equipment, the Boiler Unit, which heated water to 190 degrees Fahrenheit. Plummer's circulated and heated the water through the Pipe Liner using the Boiler Unit to "cook out" the Pipe Liner. Plummer's monitored various water, heat and water flow gauges in this process during the "cooking out" process. Plummer's assertion that it did not "install the liner" is, strictly speaking, correct but at the same time misleading and rings hollow. It is true that Plummer's did not solely install the liner. However, Plummer's work in curing or "cooking out" the Pipe Liner was an important part of the installation process.

The statements in the Bowman Affidavit create genuine issues of material fact. The parties dispute what work Plummer's performed at the Project and whether that work may have caused or contributed to the alleged deficiencies with the Pipe Liner. At this stage in the proceeding, it is impossible, under the applicable standard of review, to find that Plummer's cannot possibly be liable for U.S. Sewer's claims.

WHEREFORE, Third-Party Plaintiff, U.S. Sewer & Drain, Inc., requests that this Court enter an Order denying Plummer's Environmental Services, Inc.'s Motion for Summary Judgment, with prejudice, and grant such other and further relief as this Court deems just and equitable.

## STATEMENT OF POINTS AND AUTHORITIES

1. Local Rule 7
2. Local Rule 56.1
3. Rule 8 of the Federal Rules of Civil Procedure
4. Rule 56(c) of the Federal Rules of Civil Procedure
5. Conley v. Gibson, 355 U.S. 41 (1957)
6. Grogan v. General Maintenance Service Co., 763 F2d 444 (D.C. Cir. 1985)

6

7. Celotex v. Catrett, 477 U.S. 317 (1986)
8. Anderson v. Liberty Lobby, 477 U.S. 242 (1986)
9. Green v. Dalton, 164F.3d 671 (D.C. Cir. 1999)
10. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133 (2000)

## REQUEST FOR A HEARING

Third-Party Plaintiff, U.S. Sewer & Drain, Inc., hereby requests a hearing on Plummer's Environmental Services, Inc.'s Motion for Summary Judgment and the Opposition thereto.

**U.S. SEWER & DRAIN, INC.**

Dated: October 9, 2006         By:     /s/ Brad C. Friend
                                       Daniel J. Kraftson (DC Bar No. 948034)
                                       Brad C. Friend (DC Bar No. 490430)
                                       KRAFTSON CAUDLE LLC
                                       1600 Tysons Boulevard
                                       Suite 250
                                       McLean, Virginia  22102
                                       (703) 873-5500 (telephone)
                                       (703) 873-5519 (facsimile)

                                       *Counsel for the Third-Party Plaintiff*
                                       *U.S. Sewer & Drain, Inc.*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 9th day of October, 2006, a true copy of the foregoing Opposition to Plummer's Motion for Summary Judgment and Memorandum in Support Thereof was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gerald I. Katz, Katz & Stone, L.L.P., 8230 Leesburg Pike, Suite 600, Vienna, Virginia 22182, Counsel for Plaintiff Monarc Construction, Inc.; Danielle D. Giroux, Harman Claytor Corrigan & Wellman, P.C., P.O. Box 70280, Richmond, Virginia 23255, Counsel for Third-Party Defendant Perma-Liner Industries, Inc.; William H. Robinson, Jr., Wright Robinson Osthimer & Tatum, 5335 Wisconsin Ave., N.W., Suite 920, Washington, D.C. 20015, Counsel for Third-Party Defendant Plummer's Environmental Services, Inc.

           __/s/ Brad C. Friend_____
           Brad C. Friend

00011267/ 1084-002