UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONARC CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:06-cv-00493 (HHK) |
| U.S. SEWER & DRAIN, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| U.S. SEWER & DRAIN, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PERMA-LINER INDUSTRIES, INC., et al.,) | |
| ) | |
| ) | |
| Third-Party Defendants. ) | |
| _____ ) | |

**THIRD-PARTY DEFENDANT PLUMMER'S ENVIRONMENTAL
SERVICES, INC.'S REPLY MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Third-Party Defendant Plummer's Environmental Services, Inc., ("Plummers"), by counsel, pursuant to Local Rule 7, states the following in support of its Motion for Summary Judgment.

**I.   INTRODUCTION**

On October 9, 2006, Third-Party Plaintiff, U.S. Sewer & Drain, Inc. ("U.S. Sewer") filed an opposition to Third-Party Defendant Plummers' Motion for Summary Judgment. U.S. Sewer erroneously argues that Plummers "seeks to impose a pleading burden on U.S.

{D0062507.1}

Sewer which does not exist" and that Plummers seeks to understate its role at the project. U.S. Sewer's Opposition, like its Third-Party Complaint, states no genuine issues of material fact, and does not allege any acts or omissions by Plummer that would give rise to U.S. Sewer's claim for indemnity and contribution.

## II.   ARGUMENT

### A.   U.S Sewer Fails To Allege Any Wrong Doing On Behalf Of Plummer That Would Necessitate Relief In The Form Of Indemnity And Contribution

U.S. Sewer correctly argues that under Rule 8 of the Federal Rules of Civil Procedure, parties may file a third-party complaint and, with respect to such a pleading, requires a party to provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Rule 8, FED. R. CIV. P.  However, U.S. Sewer's argument falls flat upon suggesting that Plummers seeks to impose a pleading burden that does not exist.  In Conley v. Gibson, 355 U.S. 41 (1957), the Unites States Supreme Court opined that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim but what is required is a short and plain statement of the claim that will give fair notice of what the claim is and the grounds upon which it rests. Id. at 47.  U.S. Sewer relies on Conley to support its argument the Third-Party Complaint meets pleading requirements under the Rules, however unlike the plaintiffs in Conley, U.S. Sewer fails to meet the minimum pleading requirements under the rules, and the Conley complaint can be distinguished from the Third-Party Complaint in the present action.

1.  **Unlike U.S. Sewer's Third-Party Complaint in the Present Action, the <u>Conley</u> Complaint Adequately Set Forth A Claim Upon Which Relief Could Be Granted**

The plaintiffs in <u>Conley</u>, were African-American employees of a railroad who were discharged or demoted and whose former jobs were filed by whites. They brought an action against the union designated exclusive bargaining unit to which the employees belonged. The District Court granted a motion to dismiss the action, based in part on plaintiffs' failure to state a claim upon which relief could be granted. The Court of Appeals for the Fifth Circuit Affirmed. On certiorari to the U.S. Supreme Court, the Court noted that:

> ". . .the complaint alleged, in part, that petitioners were discharged wrongfully by the Railroad and that the Union, acting according to the plan, refused to protect their jobs as it did those of white employees or to help them with their grievances all because they were [African-Americans]. If these allegations are proven there has been a manifest breach of the Union's statutory duty to represent fairly and without hostile discrimination of all of the employees in the bargaining unit."

In reaching its decision to reverse the judgment, the Court opined, "we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis." Id. at 48.

Notably, unlike U.S. Sewer's Third-Party Complaint, the <u>Conley</u> complaint alleged general allegations of identifiable misconduct performed by defendants for which the Court could grant relief. Pursuant to the Rules, these allegations provided the defendant notice of what the claim was about and the grounds upon which it rested.

U.S. Sewer's Third-Party Complaint fails to allege any misconduct by Plummers, and U.S. Sewer's Opposition sheds no light on this issue. As such, Plummers cannot determine what it allegedly did wrong and therefore is unable to prepare an adequate defense against

the Third-Party Complaint. Moreover, U.S Sewer consistently reiterates that the allegations in Monarc's Complaint are incorporated by reference into the Third-Party complaint which alleges that if Monarc's allegations are proven true, Plummers is responsible for any damages. (Third-Party Complaint, Count II at 10-12.) U.S. Sewer's constant reiteration does not establish any instances of any wrong doing by Plummers. See Sebastian v. Wenzel, No. 04-0010, 2004 U.S. Dist. LEXIS 6257, *1-2 (D.D.C. February 9, 2004) (noting that "A complaint must give the court and the defendant fair notice of the claim being asserted and the grounds upon which it rests, sufficient to identify the legal issues presented and prepare an adequate defense . . . courts have unhesitatingly dismissed complaints, like plaintiff's, that are ambiguous, redundant, vague and, in some respects, unintelligible . . .").

  **2. U.S. Sewer Should Not Receive Contribution and Indemnity Relief from Plummers**

U.S Sewer correctly stated that contribution and indemnity are available as forms of relief in the District of Columbia under Grogan v. General Maintenance Service Co., 763 F.2d 444 (D.C. Cir. 1985). However, unlike U.S. Sewer's Third-Party Complaint, the Grogan complaint satisfied the generous requirements of the Federal Rules. Id at 449. In Grogan, the Court of Appeals found that third-party plaintiff, Quadrangle, was entitled to litigate its cross-claim for indemnity because Quadrangle's cross-claim satisfied the pleading requirement under Federal Rules. Id. In reaching that conclusion, the Court stated; "In its cross-claim, Quadrangle alleged that the injuries and damages, if any, sustained by the plaintiff were caused by the sole and/or concurrent actions of the codefendant General Maintenance; relief in the form of indemnity or contribution is requested." Id. Continuing

its analysis, the Court opined, "Quadrangle unambiguously stated that its claim for indemnity was found upon express contractual provisions."  Most importantly, the Court noted:

> "Quadrangle outlined two contract-based claims against General Maintenance . . . First, it contended that General Maintenance breached its contract with Quadrangle in failing to discover, correct, or report the wet floor.  Second, Quadrangle asserted that General Maintenance contracted to bear the responsibility for any loss or damage by its employees, whether or not its employees were negligent." Id. at 450.

In the present action, U.S. Sewer's the Third-Party complaint does not allege any wrong doing by Plummer that resulted in damage to the pipe, nor does it state that its claim for contribution and indemnity is based on a breach of the contractual provisions.  U.S. Sewer's Third-Party Complaint merely states that "Plummers is liable for all Monarc's claim against U.S. Sewer and Drain based upon statutory, contractual or common law contribution and indemnity." (Third-Party Complaint, Count II at 12.)  This statement begs the question, "What did Plummers do to incur this liability?"

Conversely, Monarc's complaint against U.S. Sewer alleges that "U.S. Sewer's failure and/or refusal to correct the deficiencies in the work constitute material breaches of the Agreement" and that as a direct and proximate result of such breaches, Monarc continues to incur damages.  (Complaint at 4.)   In its Opposition, U.S. Sewer argues that the allegations in Monarc's Complaint are incorporated by reference into the Third-Party Complaint, however Monarc's allegation that U.S. Sewer's material breach of the agreement due to failure and/or refusal to correct the deficiencies, can not be applicable to Plummers because Plummers was never contacted and asked to correct any deficiencies, nor was Plummers even aware of any damages to the pipe until it was served with the Third-Party Complaint.  The Grogan court would most likely find that Monarc's complaint satisfies the

pleading requirements, but U.S. Sewer's Third-Party Complaint does not because it fails to set forth grounds for its claim. Accordingly, U.S. Sewer's Third-Party Complaint should be dismissed for failure to set forth a claim upon which relief could be granted.

> B. **There Are No General Issues Of Material Fact Regarding Plummers Role At The Project And U.S. Sewer's Characterization Of Plummers' Role Is Merely An Expansion Of Plummers Prior Statements**

U.S. Sewer's Opposition erroneously argues that statements in the Bowman Affidavit create genuine issues of fact. U.S Sewer supports its argument by stating that that the parties dispute what work Plummer performed at the Project and that Plummer would have the Court to believe its role was passive and insubstantial. (Opposition at 4-5.) (Quoting Plummers' Motion for Summary Judgment p. 4., "The only services performed by Plummers were providing the truck to heat the water and assistance with turning the water on an off as instructed by U.S. Sewer.") Significantly, Plummers never stated to this Court that its role was passive and insubstantial, but has maintained that it did not perform the installation of the liner. In its characterization, U.S. Sewer neglects to quote relevant statements made by Plummer on this issue:

> **Plummers:** "Plummer Environmental Services furnished a truck to heat water for curing the resin in the installed liner at the request of Perma-Liner Industries. The installer of the liner was U.S. Sewer and Drain (Affidavit of Todd Plummer.)
>
> **U.S. Sewer:** "Plummers provided and operated a sophisticated piece of equipment, the Boiler Unit, which heated water to 190 degrees Fahrenheit, and circulated the water through the Pipe Liner using the Boiler Unit to cookout the Pipe Liner. (Opposition at 6, see also, Affidavit of Jeremy Bowman)
>
> **Plummers:** At the Project site, U.S. Sewer instructed Plummers when to turn on the water and when to turn it off. (Affidavit of Todd Plummer)

> **U.S. Sewer:** "Plummers monitored various water, heat and water flow gauges in this process during the cook out process. (Opposition at 6, see also, Affidavit of Jeremy Bowman)

This comparison demonstrates that Jeremy Bowman's account of Plummers substantial involvement at the job site is merely a ballooned version of Plummers prior statements peppered with adjectives, and that both parties' account of Plummers' involvement at the site are similar. To that end, it is interesting to note that U.S. Sewer concurs with Plummers' prior assertion that Plummers did not install the liner. (Opposition at 6.) Accordingly, there are no issues of genuine fact, and Plummers' Motion for Summary Judgment should be granted. See, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-250 (1986); Local Rule 56.

    **C.**    **Despite Its Acknowledgement That Plummers Did Not Install The Liner, U.S. Sewer Continues To Seek Contribution And Indemnity From Plummers**

Monarc's Complaint alleges that U.S. Sewer failed to perform work in a workmanlike manner, leading to permanent damage of the existing installations, and their failure and/or refusal to correct the deficiencies in the work constitute material breaches of Agreement. (Complaint, Count I at 14.) Monarc further alleges that after U.S Sewer completed the work, Monarc was notified by the District of Columbia Water and Sewer Authority ("DC WASA") that the liner, as installed by U.S. Sewer, was unacceptable and had permanently damaged the pipe. (Complaint, Facts at 8.) Monarc requested that U.S. Sewer replace the damaged pipe, and U.S. Sewer proposed an alternative replacement procedure, at additional cost, but failed to demonstrate the efficacy of the proposed procedure and DC WASA did not approve its use to prepare the damaged pipe. (Complaint, Facts at 9-10.)

Thereafter, U.S. Sewer failed and/or refused to repair the damaged pipe, despite repeated demands from Monarc. (Complaint, Facts at 11.)

The basic premise of Monarc's Complaint is that U.S. Sewer improperly installed the liner and when given the opportunity to correct its mistake, U.S. Sewer failed and/or refused to do so. In its Opposition, U.S Sewer acknowledges that Plummers did not install the liner, but then suggests that Plummers' role was an important part of the installation process. (Opposition 6.)   Significantly, when U.S. Sewer was provided an opportunity to correct the faulty installation, they did not notify Plummers for assistance. Even more perplexing, U.S. Sewer seeks contribution and indemnity from Plummers because Plummers was an "important" part of the process, but apparently U.S Sewer did not view Plummers as important enough to be contacted, after notification from Monarc, to assist in repairing or replacing the damaged pipe. U.S. Sewer did not contact Plummers because it knew that Plummers did not install the liner and is not responsible for resulting damage to the pipe. For these reasons, Plummers' Motion for Summary Judgment should be granted.

### III.   CONCLUSION

WHEREFORE, for the foregoing reasons, U.S. Sewer's third-party claim against Plummers fails as a matter of law. Accordingly, Plummers respectfully requests that this Court grant its Motion for Summary Judgment, dismissing with prejudice the claim filed against it by U.S. Sewer.

## STATEMENT OF POINTS AND AUTHORITIES

1. Local Rule 7
2. Rule 8 of the Federal Rules of Civil Procedure
3. <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)
4. <u>Sebastian v. Wenzel</u>, No. 04-0010, 2004 U.S. Dist. LEXIS 6257, *1-2 (D.D.C. February 9, 2004)
5. <u>Grogan v. General Maintenance Service Co.</u>, 763 F.2d 444 (D.C. Cir. 1985)
6. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986)
7. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-250 (1986)
8. Local Rule 56

Respectfully submitted,

/s/ William H. Robinson, Jr.
_____
William H. Robinson, Jr., Bar No. 457615
WRIGHT, ROBINSON, OSTHIMER & TATUM
5335 Wisconsin Avenue, N.W., Suite 920
Washington, D.C.  20015-2030
(202) 244-4668

*Counsel for Third-Party Defendant Plummer's Environmental Services, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of October, 2006, I electronically filed the foregoing *Third-Party Defendant Plummer's Environmental Services, Inc.'s Reply In Support Of Its Motion for Summary Judgment.* with the Clerk of the court using the CM/ECF system which will send notification of such filing to:

Gerald I. Katz, Esquire
Stephen W. Smith, Esquire
Katz & Stone, L.L.P.
8230 Leesburg Pike, Suite 600
Vienna, Virginia 22182
703 761-6169 – Facsimile
*Counsel for Plaintiff Monarc Construction, Inc.*

Danielle D. Giroux, Esquire
Harman, Claytor, Corrigan & Wellman. P.C.
P.O. Box 7280
Richmond, VA 23255
804 747-6085 – Facsimile
*Counsel for Third-Party Defendant Perma-Liner Industries, Inc.*

Daniel J. Kraftson, Esquire
Brad C. Friend, Esquire
Kraftson Caudle LLC
1650 Tysons Boulevard, Suite 650
McLean, Virginia 22102
703-873-5519 – Facsimile
*Counsel for U.S. Sewer & Drain, Inc. And Jeremy R. Bowman
   t/o U.S. Sewer & Drain, Inc.*

/s/ William H. Robinson, Jr.
_____
William H. Robinson, Jr.