UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONARC CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:06-cv-00493-HHK |
| ) | |
| U.S. SEWER & DRAIN, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| U.S. SEWER & DRAIN, INC. ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PERMA-LINER INDUSTRIES, INC., *et al.*,) | |
| ) | |
| Third-Party Defendants. ) | |
| ) | |
| U.S. SEWER & DRAIN, INC., *et al.*, ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PEERLESS INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

**U.S. SEWER'S SURREPLY MEMORANDUM IN OPPOSITION TO PLUMMER'S
MOTION FOR SUMMARY JUDGMENT**

Third-Party Plaintiff, U.S. Sewer & Drain, Inc. ("U.S. Sewer"), by counsel, hereby files its Surreply Memorandum in Opposition to Plummer's Motion for Summary Judgment ("Surreply"), and states as follows:



00011471/ 1084-002

## INTRODUCTION

Plummer's Environmental Services, Inc. ("Plummer's") has filed a Motion for Summary Judgment ("Motion") alleging that U.S. Sewer has failed to state a claim against Plummer's and that no genuine issue of material fact exists as between U.S. Sewer and Plummer's. In response, U.S. Sewer filed its Opposition to Plummer's Motion for Summary Judgment and Memorandum in Support Thereof ("Opposition"). Plummer's has recently filed its Reply Memorandum in Support of its Motion for Summary Judgment ("Reply"). U.S. Sewer files this Surreply in response to the allegations made in Plummer's Reply. U.S. Sewer attaches an Affidavit of Jeremy R. Bowman to this Surreply which supplements the Affidavit attached to U.S. Sewer's Opposition.

## ARGUMENT

### I. *U.S. Sewer Has Stated a Valid Claim for Indemnity*

Plummer's has argued in its Motion and Reply that U.S. Sewer's pleading is insufficient and fails to state a claim. Under the Federal Rules of Civil Procedure, notice pleading is the standard.

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he basis his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. . . . The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*See Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). In the present case, U.S. Sewer has pleaded a short and plain statement of an indemnity claim against Plummer's. Moreover, U.S. Sewer has

alleged that U.S. Sewer entered into a contract with Plummer's for services relating to the installation of the pipe liner at issue; and that Plummer's is liable for all of Monarc's claims based upon statutory, contractual or common law indemnity if U.S. Sewer is liable to Monarc. Based upon U.S. Sewer's Third-Party Complaint and Monarc's Complaint against U.S. Sewer, Plummer's has fair notice of what U.S. Sewer's claim is and the grounds upon which it rests.

At this stage of the litigation, Monarc has not specifically set forth its basis for its allegation that U.S. Sewer failed to perform "certain work" to install the liner correctly and in a workmanlike manner. Monarc has not specified what U.S. Sewer's wrongdoing was as the discovery phase in this case has just started. U.S. Sewer's third-party indemnity claim against Plummer's is based upon Monarc's claims against U.S. Sewer. Accordingly, Plummer's has the same notice of what U.S. Sewer's claim is as U.S. Sewer has of what Monarc's claim is.

## *II. Genuine Issues of Material Fact Exist in the Present Case*

### A. PLUMMER'S ROLE IN THE INSTALLATION OF THE LINER

Plummer's originally alleged in its Motion that it "had no responsibility for installing *or curing the liner* or supervising either of these activities." *See* Motion at p.4; Affidavit of Todd Plummer at ¶ 4 (emphasis added). Plummer's further stated that "[t]he only services provided by Plummer's Environmental Services, Inc. were to provide the truck to heat the water, and to assist in turning the water on and off as directed by the installer." *See* Affidavit of Todd Plummer at ¶ 4. In response to these allegations, U.S. Sewer stated in its Opposition that "Plummer's and Plummer's alone . . . was solely responsible for "cooking out" the Pipe Liner." *See* Opposition at p. 3.[1] Moreover, U.S. Sewer, through the Affidavit of Jeremy R. Bowman, stated that

---

[1] "Cooking out" the liner is another term for "curing" the liner.

"Plummer's is the party which "cooked out" the Pipe Liner. *See* Affidavit of Jeremy R. Bowman at ¶ 9.

Accordingly, a clear dispute exists as to whether Plummer's was responsible for curing or "cooking out" the liner. Plummer's has alleged that it was not responsible for curing the liner, whereas U.S. Sewer has alleged that Plummer's was responsible for curing the liner. Contrary to Plummer's assertion in its Reply, the issue of whether Plummer's was responsible for curing or "cooking out" the liner is more than just a "ballooned" version of Plummer's prior statements. A genuine issue of material fact exists as to whether Plummer's was responsible for the curing or "cooking out" of the liner, a process that was integral to the installation of the liner.

B. **WHETHER PLUMMER'S PERFORMED ITS WORK PROPERLY**

Even if Plummer's were now to admit that it was responsible for the curing or "cooking out" of the liner, a genuine issue of material fact exists as to "whether or not Plummer's performed its work properly and whether any such failure to properly heat/cure the Pipe Liner caused or contributed to the damages alleged by Monarc against U.S. Sewer and Jeremy R. Bowman in this case." *See* Opposition at p. 3. In its Reply, Plummer's did not address this issue. Despite Plummer's silence on this issue, one can only assume that Plummer's believes that it performed its work properly and thus it is responsible for any damages for which U.S. Sewer may be deemed liable to Monarc. U.S. Sewer has filed an indemnity claim against Plummer's alleging that, in the event that it is determined that U.S. Sewer is liable to Monarc, Plummer's is liable for all of Monarc's claim. *See* Third-Party Complaint at ¶ 12.

U.S. Sewer further stated in its Opposition that the curing or "cooking out" of the liner was an integral part of the installation process and that Plummer's was solely responsible for the "cooking out" of the liner. *See* Opposition at p. 3; Affidavit of Jeremy R. Bowman at ¶ 9. Accordingly, a genuine issue of material fact exists as to whether Plummer's performed its work

properly and thus is responsible for any damages for which U.S. Sewer is deemed liable to Monarc.[2]

C. WHETHER PLUMMER'S "INSTALLED" THE LINER

Plummer's misinterprets the allegations of Monarc's Complaint and has created a red-herring as to whether Plummer's "installed" the liner. In Monarc's Complaint, Monarc alleged that:

> Monarc entered into an agreement ("Agreement") with Defendant U.S. Sewer & Drain, Inc. and/or Jeremy R. Bowman t/a U.S. Sewer & Drain (hereinafter referred to as "Defendants") pursuant to which Defendants agreed *to perform certain work* to install a liner in an existing stormwater and sewer pipe ("pipe"), including flushing, cleaning and video-inspecting the pipe prior to installing the liner, and reinstalling lateral connections to and video-inspecting the pipe after installing the liner ("the Work"), on a construction project known as Lofts 14, Parcel A, located in Washington D.C. ("the Project").
>
> \*\*\*
>
> *Defendants' failure to perform the Work correctly and in a workmanlike matter, leading to the permanent damage to the existing installations*, and their failure and/or refusal to correct deficiencies in the Work *constitute material breaches of the Agreement.*

*See* Monarc's Complaint at ¶¶ 5, 14 (emphasis added). Based upon this language, Monarc has alleged that U.S. Sewer failed to perform "certain work" to install the liner correctly and in a workmanlike manner.

Pursuant to its Motion and Reply, Plummer's has repeatedly stated that it did not "install" the liner. By emphasizing this point, Plummer's appears to be suggesting that Monarc sued U.S. Sewer *only* for U.S. Sewer's alleged incorrect physical placement of the liner into the pipe. In

---

[2] At this stage of the litigation, Monarc has not specifically set forth its basis for why U.S. Sewer failed to perform "certain work" to install the liner correctly and in a workmanlike manner. Monarc bears the burden of proving that U.S. Sewer failed in this regard. The discovery phase in this case has just started and discovery has not been propounded upon Monarc. Therefore, Monarc has not specified what U.S. Sewer's wrongdoing was. U.S. Sewer denies that it is liable to Monarc. However, if U.S. Sewer is determined to be liable to Monarc in this case, Plummer's is responsible for any such damages because Plummer's work was an integral part of the installation process.

other words, Plummer's is interpreting "certain work to install" to mean only the actual physical placement of the liner inside of the pipe and not the other parts of the installation process. Plummer's then reasons that since it did not "install" (*i.e.* physically place the liner inside of the pipe), it cannot be held responsible in this case. This argument and reasoning is simply erroneous. A fair interpretation of this "certain work to install" language likely means that *the work involved in installing the liner* was incorrectly performed. Monarc's allegations do not limit the alleged incorrectly performed work to the actual physical placement of the liner into the pipe.[3]

Plummer's then misconstrues U.S. Sewer's statements in its Opposition by emphasizing that U.S. Sewer admits that Plummer's did not "install" the liner. Based upon the allegations of Monarc's Complaint, whether Plummer's "installed" (*i.e.* physically placed the liner inside of the pipe) is irrelevant. Indeed, Plummer's did not "install" the liner by physically placing the liner inside of the pipe. Rather, as was specifically stated in U.S. Sewer's Opposition, Plummer's work in curing or "cooking out" the liner was an important part of the installation process." *See* Opposition at p. 6; Affidavit of Jeremy R. Bowman at ¶ 9. Plummer's has not and cannot deny that its work in curing or "cooking out" the liner was an integral part of the installation of the liner. *See* Affidavit of Jeremy R. Bowman. The installation of the liner included several integral parts or tasks such as (1) the procurement of the liner; (2) the video-inspection of the pipe; (3) physical placement of the liner inside of the pipe; (4) the curing or "cooking out" of the liner; and (5) oversight of the entire process. Accordingly, Plummer's work in curing or "cooking out" the liner was part of the "certain work" to install the liner.

---

[3] Indeed, if Plummer's interpretation and reasoning were correct, then the issues relating to Monarc's claims against U.S. Sewer should be limited to whether the actual physical placement of the liner inside of the pipe was correctly or incorrectly performed.

As stated, a genuine issue of material fact exists as to whether Plummer's was responsible for the curing or "cooking out" of the liner and whether Plummer's performed its work properly and is thus responsible for any damages that U.S. Sewer is deemed liable for in this case. Based upon the allegations of Monarc's Complaint, whether Plummer's "installed" the liner by physically placing the liner inside of the pipe is irrelevant. Monarc's Complaint alleges that the *"certain work"* to install the liner was not performed correctly. Therefore, the fact that Plummer's did not "install" the liner by physically placing the liner inside the pipe does not preclude the existence of a genuine of material fact in the present case.

## STATEMENT OF POINTS AND AUTHORITIES

1. *Conley v. Gibson*, 355 U.S. 41 (1957)
2. Rule 8 of the Federal Rules of Civil Procedure
3. Rule 56 of the Federal Rules of Civil Procedure

                                        **U.S. SEWER & DRAIN, INC.**

Dated: October 17, 2006        By:    __/s/ Brad C. Friend_____
                                                          Daniel J. Kraftson (DC Bar No. 948034)
                                                          Brad C. Friend (DC Bar No. 490430)
                                                         KRAFTSON CAUDLE LLC
                                                         1600 Tysons Boulevard
                                                         Suite 250
                                                         McLean, Virginia 22102
                                                         (703) 873-5500 (telephone)
                                                         (703) 873-5519 (facsimile)

                                                         *Counsel for the Third-Party Plaintiff*
                                                         *U.S. Sewer & Drain, Inc.*

00011471/ 1084-002

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2006, a true copy of the foregoing Surreply Memorandum in Opposition to Plummer's Motion for Summary Judgment was filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Gerald I. Katz, Katz & Stone, L.L.P., 8230 Leesburg Pike, Suite 600, Vienna, Virginia 22182, Counsel for Plaintiff Monarc Construction, Inc.; Danielle D. Giroux, Harman Claytor Corrigan & Wellman, P.C., P.O. Box 70280, Richmond, Virginia 23255, Counsel for Third-Party Defendant Perma-Liner Industries, Inc.; William H. Robinson, Jr., Wright Robinson Osthimer & Tatum, 5335 Wisconsin Ave., N.W., Suite 920, Washington, D.C. 20015, Counsel for Third-Party Defendant Plummer's Environmental Services, Inc.

                                                      /s/ Brad C. Friend
                                                      Brad C. Friend

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MONARC CONSTRUCTION, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:06-cv-00493-HHK |
| | ) | |
| U.S. SEWER & DRAIN, INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| U.S. SEWER & DRAIN, INC. | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PERMA-LINER INDUSTRIES, INC., *et al.* | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## AFFIDAVIT OF JEREMY R. BOWMAN

I, Jeremy R. Bowman, the undersigned, being duly sworn, and under penalty of perjury, state as follows:

1. I am over 21 years of age and understand the obligations of an oath. I am of sound mind and body and capable of making this Affidavit. The factual statements contained in this Affidavit are based upon my personal knowledge and are true and correct.

2. I am currently the President of U.S. Sewer & Drain, Inc. ("U.S. Sewer"). I have been the President of U.S. Sewer since 1995. In or about March 2003, U.S. Sewer entered into an agreement with Monarc pursuant to which U.S. Sewer agreed to perform *certain work* to

00011472/ 1084-002

install a liner in an existing storm water and sewer pipe ("Pipe") on a construction project known as Lofts 14, Parcel A, located in Washington, D.C.

3. U.S. Sewer entered into a contract with Plummer's Environmental Services, Inc. ("Plummer's") pursuant to which Plummer's agreed to provide services to heat/cure the liner to the inside of the Pipe.

4. Plummer's did not "install" the liner by physically placing the liner inside of the Pipe. However, Plummer's services in "cooking out" the liner were part of the *certain work* required to install the liner in the Pipe. Plummer's services in "cooking out" the liner were an integral part of the installation of the liner. Proper installation of the liner required that the liner be properly cured or "cooked out."

5. Monarc has filed suit against U.S. Sewer alleging that U.S. Sewer is responsible for alleged damages to the Pipe because U.S. Sewer failed to perform the *certain work* to install the liner correctly and in a workmanlike manner.

6. U.S. Sewer denies that it is liable to Monarc or otherwise responsible for any damages to the Pipe or the liner.

7. If it is determined that U.S. Sewer is liable to Monarc for damages in this case, Plummer's is responsible for any such damages because Plummer's was integrally involved in the *certain work* to install the liner in the Pipe.

U.S. SEWER & DRAIN, INC.

By: _____
Title: President
Date: 10/19/06

STATE OF PENNSYLVANIA
COUNTY OF Bucks ; to-wit:

Sworn and subscribed to before me this 19 day of October, 2006.

_____
Notary Public

My Commission Expires: _____